UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA FERNANDA ORTIZ,

    Plaintiff,

v.                                            Case No: 8:23-cv-1628-CEH-UAM

WAL-MART STORES EAST, LP and
JOHN DOE,

    Defendants.
_____

## ORDER

This slip-and-fall personal injury matter comes before the Court upon Defendant Wal-Mart Stores East, LP ("Walmart's") Motion for Final Summary Judgment (Doc. 19). Plaintiff was directed to respond to Defendant's motion multiple times.[1] When Plaintiff did file a response, she merely provided 21 pages of operative notes and other medical records, indicating that it was all the evidence she had relating to the case. *See* Doc. 29. The Court issued an order explaining why Plaintiff's response was insufficient and allowed her fourteen days to file an amended response. Doc. 30. She instead filed a motion for an extension of time, which the Court granted. Docs. 31, 34. Despite the extended opportunities to respond to the Motion, Plaintiff failed to submit any further response.

---

[1] First, on April 15, Magistrate Judge Natalie H. Adams granted Plaintiff's motion to proceed *pro se*, advised her of available resources for *pro se* litigants, and directed her to respond by May 6. Doc. 24. Plaintiff failed to do so, so Magistrate Judge Adams also held a hearing (attended by counsel for both sides), at which Plaintiff was provided paper copies of Middle District of Florida resources for *pro se* litigants and granted an extension of time to respond. Doc. 27

## BACKGROUND[2]

On July 23, 2020, Plaintiff visited Defendant's location in Haines City, Florida to purchase groceries. Doc. 1-1 ¶¶ 6, 10; Doc. 19-1 at 7. She allegedly slipped and fell on a substance that had been allowed to remain on the floor. Doc. 1-1 ¶¶ 6, 10. Plaintiff testified at a deposition that she did not know what she slipped on and never saw the substance in question.[3] Plaintiff's daughter was present with her on the date of the incident, and she stated at her deposition that she saw a clear, transparent liquid on the floor after Plaintiff fell. Doc. 19-2 at 2.

---

[2] The Court has determined the facts, which are undisputed unless otherwise noted, based on the filings on the docket, including Defendant's Motion for Final Summary Judgment and attached exhibits (Doc. 19). For purposes of summary judgment, the Court considers the facts in the light most favorable to the non-moving party as required by Fed. R. Civ. P. 56.

[3] Specifically, Plaintiff testified as follows at her deposition (Doc. 19-1 at 7–8):

> Q. And what did you slip on?
> A. I don't remember.
> Q. Did you ever see what it is you slipped on?
> A. No.
> Q. While you were at Walmart that day, did you observe anyone else slip in the area where you fell?
> A. I didn't see nobody.
> Q. Did you ever touch whatever it was you that you slipped on with your hands and fingers?
> A. No.
> Q. Were your clothes wet after you fell?
> A. No.
> Q. Did anyone ever tell you what it is that you slipped on?
> A. No.
> Q. Was it raining that day?
> A. No.
> Q. Before you fell did you observe any warning sign or cones in the area?
> A. No.
> Q. Did anyone ever tell you what the source of whatever you slipped on was?
> A. No.

Plaintiff's daughter, however, could not identify the liquid and did not know where it came from or for how long it had been on the floor. *Id.* at 2–3, 6. Neither Plaintiff nor her daughter took any photographs or video at Walmart. Doc. 19-1 at 9; Doc. 19-2 at 4. Walmart submits photographs of the area where Plaintiff fell, taken immediately after the incident. Doc. 19-3. Walmart also indicates that its employees are trained and tasked with constantly inspecting and maintaining the floors of the subject store per its Policies and Procedures, and that no substantially similar incidents occurred at the location in the six months prior to Plaintiff's fall. Doc. 19-4 at 5–6.

In this premises liability suit, Plaintiff brings one count against Walmart, alleging that it breached its duties to her by failing to inspect the area where the incident occurred to ensure that it was in a reasonably safe condition, failing to reasonably maintain it, and failing to adequately warn her that the area in which the accident occurred was in a dangerous or unreasonably safe condition. Doc. 1-1 ¶¶ 16–19. Walmart removed the case to this Court based on diversity jurisdiction (Doc. 1) and argues that based upon the record evidence, there is no genuine issue of material fact and that it is entitled to summary judgment. *See* Doc. 19.

## LEGAL STANDARD

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the

3

light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id.*

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Only when that burden has been met does the burden shift to the non-moving party." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

"[I]n order to survive summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 F. App'x 766, 770 (11th Cir. 2020) (citing *Anderson*, 477 U.S. at 249-50). "[U]nsupported 'conclusory allegations' do not suffice." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594, 596 (11th Cir. 2019). Likewise, "[a] 'mere existence of a scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Johnson*, 826 F. App'x at 770 (quoting *Anderson*, 477 U.S. at 252).

4

The Court is not permitted to grant the Motion solely because it is unopposed. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). "[T]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all the evidentiary materials submitted in support of the motion for summary judgment." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting *id.*).

As for the substantive law of the case, a property owner generally owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition and (2) the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care. *Aaron v. Palatka Mall, LLC,* 908 So.2d 574, 577 (Fla. 5th DCA 2005).

A slip-and-fall claim like the one here is a claim for negligence, consisting of four elements under Florida law: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) the defendant's breach of that duty, (3) a causal connection between the defendant's breach and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. *Oken ex rel. J.O. v. CBOCS, Inc.*, No. 8:12-cv-782-VMC-MAP, 2013 WL 2154848, at *4 (M.D. Fla. May 17, 2013) (citing *Clay Elec.*

5

*Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003); *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011)).

In a premises liability case such as this, a plaintiff must show that the business had actual or constructive knowledge of a dangerous condition created by a transitory foreign substance that caused the plaintiff to slip and fall. Fla. Stat. § 768.0755(1); *see also Publix Supermarkets, Inc. v. Bellaiche*, 245 So. 3d 873, 876 (Fla. 3d DCA 2018). Section 768.0755 places the burden of proof on the Plaintiff to establish that the Defendant business owner had actual or constructive notice of the foreign substance. *See Walker v. Winn–Dixie Stores, Inc.,* 160 So.3d 909, 911 (Fla. 1st DCA 2014) ("In 2010 the Florida legislature enacted Section 768.0755, Florida Statutes, the clear intent of which is to re-position the burden of proof in constructive knowledge negligence actions fully onto a plaintiff.").

"The term 'transitory foreign substance' generally refers to 'any liquid or solid substance, item, or object located where it does not belong.'" *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 518 (11th Cir. 2019) (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001)).

## DISCUSSION

Based on the evidence before the Court, Defendant's Motion is due to be granted on the element of notice. As to Plaintiff's negligence claim, she must show that there is a genuine dispute as to whether Walmart had actual or constructive knowledge of the substance that caused her to slip and fall. Her negligence claims based on failure to maintain and inspect the premises, as well as failure to warn, all

6

require such a showing of notice. *Grimes v. Fam. Dollar Stores of Fla., Inc.,* 194 So. 3d 424, 427 (Fla. 3d DCA 2016); *See Ahl v. Stone S.W. Inc.,* 666 So. 2d 922, 923 (Fla 1st DCA 1995).[4]

First, as Walmart argues (Doc. 19 at 9), there is no evidence that Defendant had actual notice of a hazard because nothing in the record indicates that Defendant's "employees or agents kn[e]w of or create[d] the dangerous condition." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019). Plaintiff admitted that she did not know what it was she slipped on, or if any employee of the store was aware of a substance on the floor before she slipped, and there is nothing to suggest that any employee or agent caused the substance to be on the floor. Therefore, based on the evidence presently before the Court, no reasonable juror could find that Defendant had actual notice of the dangerous condition.

Alternatively, constructive notice can be inferred "if a dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant." *Grimes,* 194 So. 3d at 427–28. Plaintiff has similarly failed to show a genuine dispute as to whether Walmart had constructive notice of the condition that caused her to slip.

Plaintiff's testimony is similar to that of the plaintiff in *Lago v. Costco Wholesale Corp.*, where the court found that Defendant did not have constructive notice based on

---

[4] An "owner has no duty to warn where the danger is obvious and apparent, or the invitee otherwise has knowledge of the danger which is equal to or superior to the owner's knowledge." *Ahl*, 666 So.2d at 924.

7

a plaintiff's testimony that "she did not see the liquid on the floor before she fell, she didn't know what the liquid was (other than that it was wet), [] she didn't know how long it had been there[,] [and she] saw no one else slip in the same busy entranceway before and after her fall." 233 So. 3d 1248, 1251-52 (Fla. 3d DCA 2017).

Likewise, Plaintiff's daughter's testimony that the substance was a clear, transparent liquid free of dirt particles or broken streaks (Doc. 19-2 at 4), coupled with Walmart's pictures of the incident, which do not clearly depict any liquid, is insufficient to create an issue of fact as to Defendant's constructive notice of the condition. *See Berbridge v. Sam's East, Inc.*, 728 F. App'x 929, 930-31 (11th Cir. 2018) (affirming grant of summary judgment to defendant on issue of constructive notice where plaintiff "testified that it was 'medium size' but 'wasn't that big,' wet but not sticky, and 'dark' and 'dirty.' She did not know what caused the substance to be dirty. She saw no cart tracks or footprints in the substance, besides the mark caused by her shoe when she slipped."); *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017) (plaintiff's testimony that "the substance on the floor was 'oily,' 'dirty,' and 'dark,'" was "insufficient to create a jury issue."); *McCarthy v. Broward Coll.*, 164 So. 3d 78, 81 (Fla. 4th DCA 2015) (affirming summary judgment for the business establishment because the plaintiff "was unable to identify the liquid in the elevator, determine how long it had been there, or establish if anyone at Broward College had actual or constructive notice of its presence").

Further, Plaintiff presents no evidence to substantiate the allegations in her complaint that the spill "existed for such a length of time that, in the exercise of

8

ordinary care," Defendant "should have known of the condition;" or that "[t]he condition occurred with regularity and was therefore foreseeable." Doc. 1-1 at 4–5. To the contrary, Defendant provides evidence in the form of an answer to interrogatories that no substantially similar incidents had occurred in the six months prior to Plaintiff's fall. Doc. 19-4 at 6–7.

Another similar and instructive case is *Nieves v. Walmart Stores E., LP*, No. 2:19-cv-00474-JLB-NPM, 2020 WL 6161474, at *5–7 (M.D. Fla. Oct. 21, 2020). There, the plaintiff slipped on a clear liquid. *Id.* She did not know how long it had been on the floor or where it came from, and failed to provide any evidence that would establish the length of time the condition existed prior to her fall. *Id.* Here, like in that case, Walmart is entitled to summary judgment because, "after viewing the record evidence in the light most favorable to [Plaintiff], the Court holds that [Plaintiff] cannot satisfy her statutory burden to prove (by inference or otherwise) that the clear liquid she allegedly slipped on was present long enough for Walmart to know about it, or that the liquid's presence was foreseeable because it was a regular occurrence." *Id.* *7. Nor, as stated previously, does Plaintiff provide any evidence to support a theory of actual notice.

At best, the record before the Court shows only that the incident occurred, but "[i]mportantly, negligence may not be inferred from the mere happening of an accident alone." *Oken*, 2013 WL 2154848, at *6 (citation and quotation omitted). "The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable." *Id.* (quoting *Sammon v.*

9

*Target Corp.*, No. 8:11–cv–1258–T–30–EAJ, 2012 WL 3984728, at *3 (M.D. Fla. Sept. 11, 2012)). On the issue of notice, all Plaintiff "could ask the jury to do is make guesses off hunches. That shot-in-the-dark showing cannot survive summary judgment." *Bleers v. Wal-Mart Stores E., LP*, No: 2:19-cv-806-SPC-NPM, 2021 WL 2106531, at *5 (M.D. Fla. May 25, 2021). For those reasons, Defendant is entitled to summary judgment as to the claim against it.

Finally, Plaintiff brings a premises liability claim in Count Two against Defendant John Doe, the store manager of the Walmart location in question. Doc. 1-1 at 5–6. As a general matter, fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010). There is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (citation omitted).

The Complaint makes no allegation to fit the exception. At this, the summary judgment stage of the proceedings, the John Doe Defendant has neither been identified by name, nor served with process. Thus, the John Doe Defendant is not properly before the Court. Accordingly, as several other trial courts have done, this Court determines that the proper course of action is to dismiss the claims against this Defendant without prejudice. *Perkins v. City of Jacksonville Beach,* No. 3:06-CV-486-MMH-MCR, 2009 WL 10705824, at *5 (M.D. Fla. Mar. 12, 2009) (citing *James v. Mazda Motor Corp.,* 222 F.3d 1323, 1324 n.6 (11th Cir. 2000); *Slaughter v. City of Unadilla,* Civil Action No. 5:06-cv-187 (CAR), 2008 WL 345794 at *3 (N.D. Ga. Feb.

5, 2008)). Therefore, Count Two, brought against John Doe, will be **DISMISSED WITHOUT PREJUDICE**.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant Walmart's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

2. Plaintiff's claim against John Doe, Count Two, is dismissed without prejudice.

3. The Clerk is directed to enter judgment in favor of Defendant Wal-Mart Stores East, LP, and against Plaintiff, Maria Fernanda Ortiz.

4. The Clerk is further directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties